# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
### CASE NO. 10-20312-CIV SEITZ/O'SULLIVAN

ELIZABETH KIRTS et al.,
individually and for all others
similarly situated,

<em>Plaintiffs</em>,

vs.

GREEN BULLION FINANCIAL
SERVICES, LLC d/b/a Cash4Gold
and DOES 1-20,

<em>Defendants</em>.

---

## DEFENDANT CASH4GOLD'S MOTION TO COMPEL PLAINTIFFS TO RESPOND TO DISCOVERY AND REQUEST FOR IN CAMERA REVIEW

Plaintiffs are improperly trying to hide the ball -- making conclusory statements of fact in documents filed with this Court and impeding Cash4Gold's every attempt to assess the validity of same. Cash4Gold is entitled to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. Fed.R.Civ.P. 26(b)(1). Although class certification has been denied and Cash4Gold no longer seeks discovery pertaining to class certification issues, Plaintiffs must nonetheless respond with the information necessary for Cash4Gold to prepare its defense to the individual claims as well as to determine whether jurisdiction resides in this Court.[1] As set forth more fully in the following memorandum of law, Cash4Gold's discovery requests fall within the scope of discovery permissible under the Federal Rules. Plaintiffs should thus be compelled to respond to these requests. Fed.R.Civ.P. 37(a).

---

[1] Moreover is necessary before it can be determined what impact, if any, there is upon this case by the Eleventh Circuit Court of Appeals' recent order in *Cappuccitti v. DirecTV*, 2010 U.S. App. LEXIS 14724 (11th Cir. July 19, 2010). *See* Doc.# 76 (*Order Requiring Joint Status Report*, dated Aug. 2, 2010).

MEMORANDUM OF LAW

## I.      INTRODUCTION AND BACKGROUND.

Plaintiffs made numerous factual allegations in their Reply in further support of class certification, filed June 15, 2010.   In order to prepare its defense, Cash4Gold propounded requests for production and interrogatories upon Plaintiffs on June 16, 2010, seeking further information pertaining to these factual allegations.   *See* Cash4Gold's Discovery Requests, attached as Composite Exhibit "A."  Plaintiffs' response of July 6, 2010 to the discovery requests consists mostly of improper objections.   *See* Plaintiffs' Response to Discovery Requests, attached as Composite Exhibit "B."  Cash4Gold wrote to counsel for Plaintiffs on July 12, 2010, clarifying several requests and otherwise attempting to avoid the need for a motion to compel. *See* Letter from G. Burhans to J. Balestriere, attached as Exhibit "C."   Plaintiffs' counsel responded on July 14, 2010, essentially stating that Plaintiffs would not be swayed from their objections. *See* Letter from J. Balestriere to G. Burhans, attached as Exhibit "D."  This Motion to Compel is thus necessitated by Plaintiffs' refusal to respond.

## II.     PLAINTIFFS' IMPROPER RESPONSES.

As set forth in more detail below, Plaintiffs' objections are nonspecific and generalized in violation of the Local Rules.   Although Plaintiffs assert the privilege, they failed to provide a privilege log or to provide information sufficient for Cash4Gold to assess the validity of the claim.  S.D. Fla. L.R. 26.1.G.6.a.  ("Objections based on generalized claims of privilege will be rejected.   A claim of privilege must be supported by a statement of particulars sufficient to enable the Court to assess its validity").   Any objections not previously raised by Plaintiffs have been waived.  S.D. Fla. L.R. 26.1(G)(3)(a) ("Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be waived").

### A.      RESPONSES TO SECOND SET OF INTERROGATORIES.

**INTERROGATORY NO. 1**

Identify every person who was not identified on previous responses to interrogatories who is believed by You to have knowledge of the allegations against Cash4Gold in this lawsuit and state the substance of each person's knowledge concerning those allegations.

2

**RESPONSE TO INTERROGATORY NO. 1**

Plaintiffs object to this Interrogatory as unduly burdensome, overly broad and vague in part on the grounds that the phrase "every person of which you are aware has knowledge of the allegations" is itself ambiguous, vague, and overbroad. By its plain meaning, this phrase may include anyone Plaintiffs or their attorneys communicated with before and/or after filing suit against Cash4Gold. Moreover, Plaintiffs "believe" that there are hundreds if not thousands of individuals who have complained about Cash4Gold in different forums that have "knowledge concerning . . . allegations" of Cash4Gold's fraud, generally. This Interrogatory as phrased requires the identification of dozens if not hundreds of individuals, many of which are with persons whose names are not known to Plaintiffs or their counsel, and many of which are not relevant to the matters in dispute in this action.

**REVISED INTERROGATORY NO. 1**

Every non-anonymous person known by Plaintiffs that has *personal knowledge* regarding Cash4Gold's alleged misconduct at issue in this litigation, including, but not limited to: losing jewelry, stealing jewelry, under-appraising jewelry, prematurely melting jewelry and/or mailing checks after their issue date.

**RESPONSE TO REVISED INTERROGATORY NO. 1**

This request is overly broad, unduly burdensome, irrelevant, and harassing. Moreover, this information is not discoverable as Plaintiffs' are not required to produce the names of absent class members.

**OBJECTION TO RESPONSE TO INTERROGATORY NO. 1**

The request is neither overly broad nor irrelevant in that it is limited to non-anonymous persons with personal knowledge concerning the misconduct alleged in the Amended Complaint. The request is not unduly burdensome as Cash4Gold seeks only the names of persons of which Plaintiffs are aware. Persons responsive to this interrogatory are potential witnesses in this action and may be called to testify at trial. Cash4Gold would like the opportunity to depose and/or serve third-party discovery upon these individuals in order to better understand the claims being made against it. Additionally, Cash4Gold would like the opportunity to evaluate the merits of such claims, including, among other things, verification that the claims pertain to Cash4Gold -- as opposed to CashforGold, the existence of extenuating circumstances, and evidence to support Cash4Gold's defenses.

GREENBERG TRAURIG, P.A.

Plaintiffs have not stated a valid reason for failing to disclose these witnesses. "The identities of witnesses are discoverable." *Hubbard v. Bankatlantic Bancorp, Inc.*, 2009 WL 3856458, *3 (S.D.Fla. 2009) (citing *Castle v. Sangamo Weston, Inc.*, 744 F.2d 1464, 1467 (11th Cir. 1984); *accord Myers v. Goldco, Inc.*, Case No. 4:08cv8-RH/WCS, 2008 WL 1995131 at 1-2 (N.D.Fla. May 6, 2008).

**INTERROGATORY NO. 2**

Identify every person who was not identified on previous responses to interrogatories who claims to have been damaged as a result of conduct of Cash4Gold.

**RESPONSE TO INTERROGATORY NO. 2**

Plaintiffs object to this Interrogatory as unduly burdensome because it is overly broad. Plaintiffs further object to this Interrogatory on the grounds that the phrase "every person who was not identified on previous response to interrogatories who claims to have been damaged as a result of conduct of Cash4Gold" is ambiguous, vague, and overbroad. By its plain meaning, this phrase includes anyone Plaintiffs or their attorneys communicated with before and/or after filing suit against Cash4Gold. This Interrogatory as phrased requires the identification of dozens if not hundreds of individuals, many of which are with persons whose names are not known to Plaintiffs or their counsel, and many of which are not relevant to the matters in dispute in this action.

**REVISED INTERROGATORY NO. 2**

Identify every non-anonymous person known by Plaintiffs that claims to have been damaged by Cash4Gold's alleged misconduct at issue in this litigation, including, but not limited to: losing jewelry, stealing jewelry, under-appraising jewelry, prematurely melting jewelry and/or mailing checks after their issue date.

**RESPONSE TO REVISED INTERROGATORY NO. 2**

This request is overly broad, unduly burdensome, irrelevant, and harassing. Moreover, this information is not discoverable as Plaintiffs' are not required to produce the names of absent class members.

**OBJECTION TO RESPONSE TO INTERROGATORY NO. 2**

The request is neither overly broad nor irrelevant in that it is limited to non-anonymous persons claiming to have been damaged by the misconduct alleged in the

Amended Complaint. The request is not unduly burdensome as Cash4Gold seeks only the names of persons of which Plaintiffs are aware. Persons responsive to this interrogatory are potential plaintiffs in this action and may be called to testify at trial and/or submit a claim against Cash4Gold. Plaintiffs claim at page 2 of the Reply in Further Support of Class Certification that: "Plaintiffs' counsel has already engaged over forty individuals as plaintiffs and class members against Cash4Gold in this action, and has spoken to over one hundred individuals." Cash4Gold is entitled to the opportunity to depose and/or serve third-party discovery upon these individuals in order to better understand the claims being made against it. Moreover, the existence of these persons as potential plaintiffs (*i.e.*, should Plaintiffs seek leave to amend here) bears upon whether the Court has subject matter jurisdiction.[2]

Additionally, Cash4Gold would like the opportunity to evaluate the merits of such claims, including, among other things, verification that the claims pertain to Cash4Gold -- as opposed to CashforGold, the existence of extenuating circumstances, and evidence to support Cash4Gold's defenses. Plaintiffs have not stated a valid reason for failing to disclose these witnesses. "The identities of witnesses are discoverable." *Hubbard v. Bankatlantic Bancorp, Inc.*, 2009 WL 3856458, *3 (S.D.Fla. 2009) (citing *Castle v. Sangamo Weston, Inc.*, 744 F.2d 1464, 1467 (11th Cir. 1984); *accord Myers v. Goldco, Inc.*, Case No. 4:08cv8-RH/WCS, 2008 WL 1995131 at 1-2 (N.D.Fla. May 6, 2008).

**INTERROGATORY NO. 3**

For each person identified in response to Interrogatory Nos. 1 and 2, state the nature and amount of the damage allegedly incurred.

**RESPONSE TO INTERROGATORY NO. 3**

Plaintiffs object to this Interrogatory as unduly burdensome because it is overly broad and asks for information not in the possession of Plaintiffs. Namely, this Interrogatory assumes that Plaintiffs have personal knowledge relating to each and every Class Member, which Plaintiffs believe numbers in the tens of thousands, if not more. (Am. Compl.

---

[2] For example, if this action is amended to include those potential plaintiffs, information concerning their claims and alleged damages will illustrate whether diversity jurisdiction exists -- particularly whether the amount in controversy requirement has been satisfied. As discussed throughout this motion, Plaintiffs have systematically refused to provide any such information.

¶14). By its plain meaning, this phrase may include anyone Plaintiffs or their attorneys communicated with before and/or after filing suit against Cash4Gold. This Interrogatory as phrased requires the identification of dozens if not hundreds of individuals, many of which are with persons whose names are not known to Plaintiffs or their counsel. Moreover, since any engaged clients have a wide range of damages, it is unduly burdensome at this stage to ascertain the amount of damages of any individual client.

**REVISED INTERROGATORY NO. 3**

Interrogatory is revised to reflect the revisions to Interrogatory Nos. 1 and 2.

**RESPONSE TO REVISED INTERROGATORY NO. 3**

This request is overly broad, unduly burdensome, irrelevant, and harassing. Moreover, this information is not discoverable as Plaintiffs' are not required to produce the names of absent class members.

**OBJECTION TO RESPONSE TO INTERROGATORY NO. 3**

The request is neither overly broad nor irrelevant in that it is limited to non-anonymous persons claiming to have been damaged by the misconduct alleged in the Amended Complaint. The request is not unduly burdensome as Cash4Gold seeks only the information related to persons of which Plaintiffs are aware. Plaintiffs claim at page 2 of the Reply in Further Support of Class Certification that: "Plaintiffs' counsel has already engaged over forty individuals as plaintiffs and class members against Cash4Gold in this action, and has spoken to over one hundred individuals." To the extent Plaintiffs know the nature and amount of damage alleged by these persons, Plaintiffs should disclose this information to permit Cash4Gold to assess the claims against it by parties to this action. Plaintiffs have not stated a valid reason for failing to disclose these witnesses. "The identities of witnesses are discoverable." *Hubbard v. Bankatlantic Bancorp, Inc.*, 2009 WL 3856458, *3 (S.D.Fla. 2009) (citing *Castle v. Sangamo Weston, Inc.*, 744 F.2d 1464, 1467 (11th Cir. 1984); *accord Myers v. Goldco, Inc.*, Case No. 4:08cv8-RH/WCS, 2008 WL 1995131 at 1-2 (N.D.Fla. May 6, 2008).

**INTERROGATORY NO. 4**

For each person identified in response to Interrogatory Nos. 1 and 2, state whether the person received compensation or reimbursement for the alleged damage from Cash4Gold, a mail carrier, or insurer or any other entity.

**RESPONSE TO INTERROGATORY NO. 4**

Plaintiffs object to this Interrogatory as unduly burdensome because it is overly broad and asks for information not in the possession of Plaintiff. Namely, this Interrogatory assumes that Plaintiffs has personal knowledge relating to each and every Class Member, which Plaintiff believes numbers in the tens of thousands, if not more. (Am. Compl. ¶14). Plaintiffs further objects to this Interrogatory on the grounds that the phrase "whether the person received compensation or reimbursement for the alleged damage from Cash4Gold, a mail carrier, or insurer or any other entity" is ambiguous, vague, and overbroad. By its plain meaning, this phrase may include anyone Plaintiffs or their attorneys communicated with before and/or after filing suit against Cash4Gold. This Interrogatory as phrased requires the identification of dozens if not hundreds of individuals, many of which are with persons whose names are not known to Plaintiffs or their counsel, and nearly all of which are not relevant to the matters in dispute in this action.

Without waiving these objections, Plaintiffs are presently unaware of anyone having received compensation.

**REVISED INTERROGATORY NO. 4**

Interrogatory No. 4 is revised to reflect the revisions to Interrogatory Nos. 1 and 2.

**RESPONSE TO REVISED INTERROGATORY NO. 4**

This request is overly broad, unduly burdensome, irrelevant, and harassing. Moreover, this information is not discoverable as Plaintiffs' are not required to produce the names of absent class members.

**OBJECTION TO RESPONSE TO INTERROGATORY NO. 4**

Cash4Gold is unable to determine from Plaintiffs' response whether any information is being withheld subject to objection.  To the extent information is being withheld, disclosure should be compelled as such information is necessary for Cash4Gold to prepare its defense. Specifically, if such persons have already been compensated, they would be subject to the defense of accord and satisfaction.  Plaintiffs have not stated a valid reason for failing to

disclose these witnesses.   "The identities of witnesses are discoverable."   *Hubbard v. Bankatlantic Bancorp, Inc.*, 2009 WL 3856458, *3 (S.D.Fla. 2009) (citing *Castle v. Sangamo Weston, Inc.*, 744 F.2d 1464, 1467 (11th Cir. 1984); *accord Myers v. Goldco, Inc.*, Case No. 4:08cv8-RH/WCS, 2008 WL 1995131 at 1-2 (N.D.Fla. May 6, 2008).

**INTERROGATORY NO. 5**

Identify the person referred to as the "Confidential Informant" in Plaintiffs' Reply in Further Support of Motion for Class Certification and the affidavit of John G. Balestriere.

**RESPONSE TO INTERROGATORY NO. 5**

Plaintiffs themselves have not spoken to the "Confidential Informant" and have no knowledge of that person's identity.

**REVISED INTERROGATORY NO. 5**

Please provide the name and e-mail address of the Confidential Informant.

**RESPONSE TO REVISED INTERROGATORY NO. 5**

Plaintiffs' are not required to provide the name and e-mail address of the Confidential Informant.

**OBJECTION TO RESPONSE TO INTERROGATORY NO. 5**

Plaintiffs rely in large part upon an affidavit from counsel John Balestriere summarizing allegations made by a "Confidential Informant" to support their factual allegations.   To the extent the testimony of the Confidential Informant is being provided to this Court, albeit through hearsay, Cash4Gold should be provided the opportunity to cross-examine this witness.   Cash4Gold would also like the opportunity to depose and/or serve third-party discovery upon this witness to better understand the claims being made against it.   This "Confidential Informant" is a potential witness in this action and may be called to testify at trial.   Additionally, Cash4Gold would like the opportunity to evaluate the merits of such claims.   Plaintiffs have not established a valid basis for failing to disclose the identity of the Confidential Informant.   *Hubbard v. Bankatlantic Bancorp, Inc.*, 2009 WL 3856458, *2 - 3 (S.D.Fla. 2009) (granting defendant's motion to compel where "[e]ven if Plaintiffs do not intend to call the confidential witnesses at trial, they must provide the names of the confidential witnesses in response to Defendants' discovery request . . . the names of the confidential witnesses are not attorney work product . . . [and] there is no public policy

which protects the identities of the confidential witnesses;" "Defendants must be allowed to obtain the names of the confidential witnesses at this time, depose them if so desired, and conduct any further discovery which results from those depositions . . . it would be unfair to permit Plaintiffs to rely so heavily in their Complaint on the confidential witnesses, yet allow Plaintiffs to keep their identities from Defendants during discovery, unless and until Plaintiffs decide to use the confidential witnesses at trial witnesses, perhaps at the very end of the discovery period") citing *In re Harmonic, Inc. Sec. Litig.*, 245 F.R.D. 424, 427 (N.D.Cal.2007); *American Floral Servs., Inc. v. Florists' Transworld Delivery Ass'n*, 107 F.R.D. 258, 260-61 (N.D.Ill.1985); *Lefkoe v. Jos. A. Bank Clothiers*, Civil No. WMN-06-1892, 2009 WL 3003247 at *10-11 (D.Md. May 1, 2009). Plaintiffs have not stated a valid reason for failing to disclose this witness. "The identities of witnesses are discoverable." *Hubbard v. Bankatlantic Bancorp, Inc.*, 2009 WL 3856458, *3 (S.D.Fla. 2009) (citing *Castle v. Sangamo Weston, Inc.*, 744 F.2d 1464, 1467 (11th Cir. 1984); *accord Myers v. Goldco, Inc.*, Case No. 4:08cv8-RH/WCS, 2008 WL 1995131 at 1-2 (N.D.Fla. May 6, 2008).

## INTERROGATORY NO. 6

Explain how You first became aware of the "Confidential Informant," including an explanation of whether You contacted the Confidential Informant first or the Confidential Informant first contacted you.

## RESPONSE TO INTERROGATORY NO. 6

Plaintiffs' counsel was first contacted by the "Confidential Informant" via e-mail. This communication was unsolicited by counsel for Plaintiffs'.

## REVISED INTERROGATORY NO. 6

The e-mail sent by the "Confidential Informant" referenced in Interrogatory No. 6 is responsive to any number of previously served requests for production. Please produce this e-mail immediately.

## RESPONSE TO REVISED INTERROGATORY NO. 6

Plaintiffs' are not required to provide the e-mail referenced in Interrogatory No. 6 as it is not responsive to any number of previously served requests for production, and to do so would cause our Confidential Informant irreparable harm.

**OBJECTION TO RESPONSE TO INTERROGATORY NO. 6**

Cash4Gold is unable to evaluate the merit of this objection without further information. Cash4Gold served a request for production for this document on July 12, 2010. *See* Cash4Gold's 4th Request for Production to Plaintiffs, attached as Exhibit "E." Plaintiffs' objection to this request is likewise improper as discussed below. See Plaintiffs' Response to Cash4Gold's 4th Request for Production to Plaintiffs, attached as Exhibit "F."

**INTERROGATORY NO. 7**

Identify the "over forty individuals" that have been engaged as plaintiffs and class members as referenced on page 2 of Plaintiffs' Reply in Further Support of Motion for Class Certification. For each person, describe the conduct of Cash4Gold that such person alleges caused the damage, and state the amount of such damage and whether or not such person received compensation for such damage.

**RESPONSE TO INTERROGATORY NO. 7**

Plaintiffs object to this Interrogatory as unduly burdensome. Moreover, this Interrogatory requests confidential attorney-client information. Finally, since any engaged clients have a wide range of damages, it is unduly burdensome at this stage to ascertain the amount of damages of any individual client.

Without waiving these objections, Plaintiff responds that 41 individuals have been engaged as class members and Plaintiffs are presently unaware of anyone having received compensation for damages they incurred due to Cash4Gold's fraud and broken promises.

**REVISED INTERROGATORY NO. 7**

Please provide the names and contact information for the "over forty individuals" that have been engaged as plaintiffs and class members as referenced on page 2 of Plaintiffs' Reply in Further Support of Motion for Class Certification.

**RESPONSE TO REVISED INTERROGATORY NO. 7**

Plaintiffs' are not required to provide the names and contact information for absent class members.

**OBJECTION TO RESPONSE TO INTERROGATORY NO. 7**

The request is not unduly burdensome as Cash4Gold seeks only the names and contact information of the persons specifically referenced in the Reply. Persons responsive

to this interrogatory are potential plaintiffs in this action and may be called to testify at trial and/or submit a claim against Cash4Gold. Cash4Gold would like the opportunity to depose and/or serve third-party discovery upon these individuals in order to better understand the claims being made against it. Additionally, Cash4Gold would like the opportunity to evaluate the merits of such claims, including, among other things, verification that the claims pertain to Cash4Gold -- as opposed to CashforGold, the existence of extenuating circumstances, and evidence to support Cash4Gold's defenses.

Federal Rule of Civil Procedure 10(a), expressly providing that all parties to the complaint must be named, "serves more than administrative convenience. It protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Doe v. Frank*, 951 F.2d 320, 322-23 (11th Cir. 1992) (finding no abuse of discretion in denial of plaintiff's request to proceed under pseudonym where plaintiff claimed "prosecution of his suit would compel him to disclose information of the utmost secrecy, i.e., his alcoholism"). Plaintiffs have not provided any valid basis for failing to disclose the identity of the additional plaintiffs referenced in the Reply. "In general, the identity of a client is not privileged." *In re Witness Before Grand Jury No.* 82-5, 558 F.Supp. 1089, 1091 (D.C.Fla. 1983) (citing *Frank v. Tomlinson*, 351 F.2d 384 (5th Cir.1965) *cert. denied*, 382 U.S. 1028, 86 S.Ct. 648, 15 L.Ed.2d 540 (1966); *see also Reiserer v. U.S.*, 479 F.3d 1160 (9th Cir. 2007) (same); *In re Berry*, 521 F.2d 179 (10th Cir. 1975) (same); *In re Semel*, 411 F.2d 195 (3rd Cir. 1969) (same). Regardless, such persons are potential witnesses and Cash4Gold is therefore entitled to disclosure of their identities. *Hubbard v. Bankatlantic Bancorp, Inc.*, 2009 WL 3856458, *3 (S.D.Fla. 2009) (stating "The identities of witnesses are discoverable" and citing *Castle v. Sangamo Weston, Inc.*, 744 F.2d 1464, 1467 (11th Cir. 1984); *accord Myers v. Goldco, Inc.*, Case No. 4:08cv8-RH/WCS, 2008 WL 1995131 at 1-2 (N.D.Fla. May 6, 2008).

## INTERROGATORY NO. 8

Identify the "over one hundred individuals" that Plaintiffs' counsel has spoken to as referenced on page 2 of Plaintiffs' Reply in Further Support of Motion for Class Certification. For each such person, describe the conduct of Cash4Gold that such person alleges caused the

damage, and state the amount of such damage and whether or not such person received compensation for such damage.

**RESPONSE TO INTERROGATORY NO. 8**

Plaintiff objects to this Interrogatory as unduly burdensome because it is overly broad. By its plain meaning, this phrase includes anyone Plaintiffs or their attorneys communicated with before and/or after filing suit against Cash4Gold. This Interrogatory as phrased requires the identification of dozens if not hundreds of individuals, many of which are with persons whose names are not known to Plaintiffs or their counsel, and many of which are not relevant to the matters in dispute in this action.

**REVISED INTERROGATORY NO. 8**

Please provide the names and contact information for every non-anonymous person of the "over one hundred individuals" that Plaintiffs' counsel has spoken to as referenced on page 2 of Plaintiffs' Reply in Further Support of Motion for Class Certification.

**RESPONSE TO REVISED INTERROGATORY NO. 8**

Plaintiffs' are not required to provide the names and contact information for absent class members

**OBJECTION TO RESPONSE TO INTERROGATORY NO. 8**

The request is not unduly burdensome as Cash4Gold seeks only the names and contact information of the persons specifically referenced in the Reply. Persons responsive to this interrogatory are potential plaintiffs in this action and may be called to testify at trial and/or submit a claim against Cash4Gold. Cash4Gold would like the opportunity to depose and/or serve third-party discovery upon these individuals in order to better understand the claims being made against it. Additionally, Cash4Gold would like the opportunity to evaluate the merits of such claims, including, among other things, verification that the claims pertain to Cash4Gold -- as opposed to CashforGold, the existence of extenuating circumstances, and evidence to support Cash4Gold's defenses.

Plaintiffs have not stated a valid reason for failing to disclose these witnesses. "The identities of witnesses are discoverable." *Hubbard v. Bankatlantic Bancorp, Inc.*, 2009 WL 3856458, *3 (S.D.Fla. 2009) (citing *Castle v. Sangamo Weston, Inc.*, 744 F.2d 1464, 1467 (11th Cir. 1984); *accord Myers v. Goldco, Inc.*, Case No. 4:08cv8-RH/WCS, 2008 WL 1995131 at 1-2 (N.D.Fla. May 6, 2008). Moreover, "[i]n general, the identity of a client is not privileged."

*In re Witness Before Grand Jury No. 82-5*, 558 F.Supp. 1089, 1091 (D.C.Fla. 1983) (citing *Frank v. Tomlinson*, 351 F.2d 384 (5th Cir. 1965) *cert. denied*, 382 U.S. 1028, 86 S.Ct. 648, 15 L.Ed.2d 540 (1966); *see also Reiserer v. U.S.*, 479 F.3d 1160 (9th Cir. 2007) (same); *In re Berry*, 521 F.2d 179 (10th Cir. 1975) (same); *In re Semel*, 411 F.2d 195 (3rd Cir. 1969) (same).

### B.      RESPONSES TO THIRD REQUEST FOR PRODUCTION.

**REQUEST NO. 2**

Any Document reviewed, referenced or relied upon in responding to the interrogatories served simultaneously herewith.

**RESPONSE TO REQUEST NO. 2**

Plaintiffs object to this request on the grounds that it is vague, overly broad, and unduly burdensome. Plaintiffs further object to this request to the extent that it calls for documents protected by attorney-client privilege and attorney work product.

Plaintiffs are aware of their ongoing obligation to provide further documents when available.

**REVISED REQUEST NO. 2**

Any Document that Plaintiffs referenced, referred to, relied upon or otherwise looked at in order to obtain the information used to respond to Defendant's Third Set of Interrogatories to Plaintiffs.

**RESPONSE TO REVISED REQUEST NO. 2**

This request is overly broad, unduly burdensome, irrelevant, and harassing. Moreover, these communications are not discoverable as they are covered by the attorney work product. We do not have an obligation to produce a privilege log regarding these communications.

**OBJECTION TO RESPONSE TO REQUEST NO. 2**

The request is not overly broad, unduly burdensome, irrelevant or harassing as it seeks only those documents used by Plaintiffs to obtain information necessary to respond to the interrogatory. Cash4Gold would like to serve a request for production for all documents identified in response to this interrogatory. Cash4Gold is unable to assess the validity of the claimed privilege as Plaintiffs have failed to produce a privilege log. Cash4Gold respectfully requests that the Court review the responsive documents to determine applicability of the claimed privilege. "It is settled that in camera proceedings are an appropriate means to resolve

disputed issues of privilege." *Application of Eisenberg*, 654 F.2d 1107, 1112 n.7 (5th Cir. 1981) (citing *Kerr v. United States District Court*, 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976).

## REQUEST NO. 7

Any Document that relates to, supports, or has a tendency to prove that any potential class member incurred damages because Cash4Gold allegedly did not follow its promised, advertised procedures, including high standard of care handling procedures, and fair appraisal and return policy procedures.

## RESPONSE TO REQUEST NO. 7

Plaintiffs object to this request on the grounds that it is vague, overly broad, and unduly burdensome. Plaintiffs object to this request on the grounds that it is vague, overly broad, and unduly burdensome. Plaintiffs further object to this request to the extent that it calls for documents protected by attorney-client privilege. Notwithstanding, and without waiving any objections, Plaintiffs already produced documents reasonably responsive to this request and refers Defendant to the Exhibits referenced in Plaintiffs' Amended Complaint, Plaintiffs' Motion for Class Certification and Plaintiffs' Reply in Support of Motion for Class Certification. Plaintiffs are aware of their ongoing obligation to provide further documents when available.

## OBJECTION TO RESPONSE TO REQUEST NO. 7

Cash4Gold is unable to determine from Plaintiffs' discovery response or Plaintiff's letter of July 14, 2010, whether Plaintiffs are withholding any documents based on the stated objections.  Cash4Gold is further unable to assess the applicability of the stated privilge as Plaintiffs did not produce a privilege log.  Plaintiffs' objections are improper as the request is narrowly tailored to a specific allegation.  To the extent Plaintiffs are withholding documents, Plaintiffs should be compelled to produce same, at least as to the Plaintiffs in light of the denial of class certification.

Moreover, Plaintiffs refer generally to every exhibit attached to the Amended Complaint and the filings pertaining to class certification as responsive to this request. Cash4Gold requested in its letter of July 12, 2010 that Plaintiffs identify the exhibits responsive to each request for production.  Plaintiffs responded by letter dated July 14, 2010 that "[e]very exhibit in referenced court filings is responsive to each request for production."

It is hard to see how several of these exhibits, such as the Better Business Bureau's national percentage grade distribution, attached as Exhibit D to the Amended Complaint, is responsive to this request. Cash4Gold is unable to assess the merits of Plaintiffs' claims without identification of the supporting documents. Plaintiffs should be compelled to identify each document responsive to this request.

## REQUEST NO. 8

Any Document that relates to, supports, or has a tendency to prove that any potential class member incurred damages as a result of Cash4Gold claiming it never received that person's jewelry or that jewelry was otherwise lost.

## RESPONSE TO REQUEST NO. 8

Plaintiffs object to this request on the grounds that it is vague, overly broad, and unduly burdensome. Plaintiffs further object to this request to the extent that it calls for documents protected by attorney-client privilege. Notwithstanding, and without waiving any objections, Plaintiffs already produced documents reasonably responsive to this request and refers Defendant to the Exhibits referenced in Plaintiffs' Amended Complaint, Plaintiffs' Motion for Class Certification and Plaintiffs' Reply in Support of Motion for Class Certification.

Plaintiffs are aware of their ongoing obligation to provide further documents when available.

## OBJECTION TO RESPONSE TO REQUEST NO. 8

Cash4Gold is unable to determine from Plaintiffs' discovery response or Plaintiff's letter of July 14, 2010, whether Plaintiffs are withholding any documents based on the stated objections. Cash4Gold is further unable to assess the applicability of the stated privilge as Plaintiffs did not produce a privilege log. Plaintiffs' objections are improper as the request is narrowly tailored to a specific allegation. To the extent Plaintiffs are withholding documents, Plaintiffs should be compelled to produce same, at least as to the Plaintiffs in light of the denial of class certification.

Moreover, Plaintiffs refer generally to every exhibit attached to the Amended Complaint and the filings pertaining to class certification as responsive to this request. Cash4Gold requested in its letter of July 12, 2010 that Plaintiffs identify the exhibits responsive to each request for production. Plaintiffs responded by letter dated July 14, 2010

that "[e]very exhibit in referenced court filings is responsive to each request for production." It is hard to see how several of these exhibits, such as the Better Business Bureau's national percentage grade distribution, attached as Exhibit D to the Amended Complaint, is responsive to this request. Cash4Gold is unable to assess the merits of Plaintiffs' claims without identification of the supporting documents. Plaintiffs should be compelled to identify each document responsive to this request.

**REQUEST NO. 9**

Any Document that relates to, supports, or has a tendency to prove that any potential class member incurred damages as a result of Cash4Gold's return period expired prior to the time the customer receiving a check from Cash4Gold.

**RESPONSE TO REQUEST NO. 9**

Plaintiffs object to this request on the grounds that it is vague, overly broad, and unduly burdensome. Notwithstanding, and without waiving any objections, Plaintiffs already produced documents responsive to this request herein. Plaintiffs produced documents reasonably responsive to this request and refers Defendant to the Exhibits referenced in Plaintiffs' Amended Complaint, Plaintiffs' Motion for Class Certification and Plaintiffs' Reply in Support of Motion for Class Certification.

Plaintiffs are aware of their ongoing obligation to provide further documents when available.

**OBJECTION TO RESPONSE TO REQUEST NO. 9**

Cash4Gold is unable to determine from Plaintiffs' discovery response or Plaintiff's letter of July 14, 2010, whether Plaintiffs are withholding any documents based on the stated objections. Plaintiffs' objections are improper as the request is narrowly tailored to a specific allegation. To the extent Plaintiffs are withholding documents, Plaintiffs should be compelled to produce same, at least as to the Plaintiffs in light of the denial of class certification.

Moreover, Plaintiffs refer generally to every exhibit attached to the Amended Complaint and the filings pertaining to class certification as responsive to this request. Cash4Gold requested in its letter of July 12, 2010 that Plaintiffs identify the exhibits responsive to each request for production. Plaintiffs responded by letter dated July 14, 2010

that "[e]very exhibit in referenced court filings is responsive to each request for production." It is hard to see how several of these exhibits, such as the Better Business Bureau's national percentage grade distribution, attached as Exhibit D to the Amended Complaint, is responsive to this request. Cash4Gold is unable to assess the merits of Plaintiffs' claims without identification of the supporting documents. Plaintiffs should be compelled to identify each document responsive to this request.

## C.    RESPONSES TO FOURTH REQUEST FOR PRODUCTION.

### REQUEST NO. 1

The e-mail sent by the "Confidential Informant" to Plaintiffs' counsel referenced in Response to Interrogatory No. 6 of Plaintiffs' Response to Defendant's Third Set of Interrogatories.

### RESPONSE TO REQUEST NO. 1

Plaintiffs object to this request on the grounds that it is vague, as well as individual, and is protected by attorney-client privilege.

Plaintiffs are aware of their ongoing obligation to provide further documents when available.

### OBJECTION TO RESPONSE TO REQUEST NO. 1

Plaintiffs state in response to Interrogatory No. 6 of Plaintiffs' Response to Defendant's Third Set of Interrogatories: "Plaintiffs' counsel was first contacted by the 'Confidential Informant' via e-mail." Cash4Gold does not understand how the request for production of this e-mail is vague or how it could be phrased more clearly. Plaintiffs do not comply with the rule for asserting the attorney-client privilege, nor provide sufficient information for Cash4Gold to evaluate the applicability of the privilege. *See* Cash4Gold Cash4Gold's 4th Request for Production to Plaintiffs, attached as Exhibit "E;" Plaintiffs' Response to Cash4Gold's 4th Request for Production to Plaintiffs, attached as Exhibit "F." Cash4Gold contends that the document is not privileged and respectfully asks this Court to review the e-mail *in camera* to determine this disputed issue. "It is settled that in camera proceedings are an appropriate means to resolve disputed issues of privilege." *Application of Eisenberg*, 654 F.2d 1107, 1112 n.7 (5th Cir. 1981) (citing *Kerr v. United States District Court*, 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976).

**REQUEST NO. 2**

Any communication, correspondence, e-mail, letter or Document provided to Plaintiffs or Plaintiffs' counsel by the person referred to as the "Confidential Informant" in Plaintiffs' Reply in Further Support of Motion for Class Certification and the affidavit of John G. Balestriere.

**RESPONSE TO REQUEST NO. 2**

Plaintiffs object to this request on the grounds that it is vague, overly broad, and unduly burdensome. Plaintiffs further object to this request because it is harassing and calls for the release of a document that could cause irreparable harm to an individual.

Plaintiffs are aware of their ongoing obligation to provide further documents when available.

**OBJECTION TO RESPONSE TO REQUEST NO. 2**

The request is not vague, overly broad or unduly burdensome as it seeks only those documents provided to Plaintiffs or their counsel by the Confidential Informant.  Plaintiffs have not otherwise provided sufficient information for Cash4Gold to evaluate the validity of the objection.

### III.    REQUEST FOR *IN CAMERA* REVIEW.

The parties dispute the discoverability of the e-mail from the Confidential Informant to Plaintiffs' counsel referenced in Objection To Response To Request No. 2, above.  Additionally, the parties dispute whether Plaintiffs' near complete redaction of an e-mail string produced by Plaintiffs at PL000018-20 is proper. *See* PL000018-20, attached as Exhibit "G."   Plaintiffs are asserting work product and attorney-client privilege as to this "Communication between Elizabeth Kirts and Rachel Bernhardt that copied Sarah Goodman." *See* Plaintiffs' Privilege Log of May 26, 2010, attached as Exhibit "H."   According to the testimony of Ms. Bernhardt, this communication occurred when Ms. Goodman[3] sent an e-mail to both Ms. Bernhardt and Ms. Kirts providing notice that the action had been transferred to Florida and that these two plaintiffs took the opportunity of their own accord to "swap stories."  Bernhardt Depo. Tr., 187:3 - 187:18; 193:8 - 194:4, attached as Exhibit "I."  Ms Kirts similarly testified that she and Ms. Bernhardt

---

[3] Ms. Goodman is an "analyst" with a B.A. degree in Urban Studies that is employed by Plaintiffs' counsel.

"shared stories" because they were "curious." Kirts Depo Tr., 117:3 - 118:8, attached as Exhibit "J." Such communications, as described by Ms. Bernhardt and Ms. Kirts, would not be subject to the work product doctrine, nor the attorney client privilege.

The attorney-client "privilege does not embrace everything that arises out of the existence of an attorney-client relationship." *U.S. v. Pipkins*, 528 F.2d 559, 563 (5th Cir. 1976) (The attorney-client "privilege stands in derogation of the public's 'right to every man's evidence', and as 'an obstacle to the investigation of the truth,'; thus, as Wigmore has said, 'It ought to be strictly confined within the narrowest possible limits consistent with the logic of its principle.'"); *U.S. v. Freeman*, 619 F.2d 1112 (5th Cir. 1980) (recognizing that an attorney's involvement in a transaction does not place a "cloak of secrecy around all the incidents of such a transaction"). Rather, the privilege attaches only to those communications made to secure legal advice or assistance. *Calderon v. Reederei Claus-Peter Offen GmbH & Co.*, 2008 WL 4194810, *2 (S.D. Fla. September 11, 2008); *Cox v. Administrator U.S. Steel & Carnegie*, 17 F.3d 1386 (11th Cir. 1994). Neither the privilege log, nor the testimony of Ms. Kirts and Ms. Bernhardt suggest that the purpose of the communication at issue was to seek legal advice or assistance. Rather, it appears that Ms. Goodman was not even the intended, much less the primary, recipient of the communication. In light of the strict construction of the attorney-client privilege, the communication does not appear to fall within the scope of the privilege.

Likewise, simply copying counsel's assistant does not bring the e-mail within the ambit of the work product doctrine. *U.S. v. Pepper's Steel & Alloys, Inc.*, 132 F.R.D. 695, 698 (S.D. Fla. 1990) ("If construed too broadly, the work product privilege may interfere with the essential function of the discovery process of narrowing issues for trial. . . . The work product privilege is not broad enough to prohibit all inquiry regarding information received from working with counsel, all information obtained after the institution of litigation, all information learned while working with counsel or other colleagues and all information learned while reviewing documents or having conversations in connection with the litigation."); *Regency of Palm Beach, Inc. v. QBE Ins. Corp.*, 259 F.R.D. 645, 650 (S.D. Fla. 2009) ("the work product privilege does not attach automatically to any document sent to an attorney. . . . a real, as opposed to a speculative, concern must be shown that an attorney's thought processes pertaining to pending or anticipated litigation will be exposed through discovery, and that burden 'cannot be met through conclusory statements.'"). According to their deposition testimony, the information exchanged between Ms.

Kirts and Ms. Bernhardt was not gathered in anticipation of litigation, was not the result of instruction from counsel, and was not prepared for the purpose of litigation. Rule 26(b)(3); *Lake Shore Radiator, Inc. v. Radiator Express Warehouse*, 2007 WL 842989, *5 (M.D. Fla. March 19, 2007). The communication therefor does not appear to be entitled to protection under the work product doctrine.

Only privileged material may be redacted as the privilege does not extend to the entire document. *Chick-fil-A v. ExxonMobil Corp.*, 2009 WL 3763032 (S.D. Fla. November 10, 2009); *Global Finance, LLC v. Pay Pro Card Corp.*, 2008 WL 4663900, *3 n.5 (M.D. Fla. October 20, 2008); *Geico Cas. Co. v. Beauford*, 2006 WL 3349566, *1 (M.D.Fla. November 17, 2006). The burden of demonstrating the privilege rests on the Plaintiffs. *Calderon*, 2008 WL 4194810 at *2; *Regency of Palm Beach, Inc. v. QBE Ins. Corp.*, 259 F.R.D. 645, 649 (S.D. Fla. 2009); *Place St. Michel, Inc. v. Travelers Property Cas. Co. of America*, 2007 WL 1059561, *3 (S.D. Fla. April 04, 2007). Any redacted material will be subject to the Court's in camera review should we be forced to seek judicial intervention. *Tolz v. Geico General Ins. Co.*, 2010 WL 384745, *5 (S.D. Fla. January 27, 2010); *Garner v. Wolfinbarger*, 430 F.2d 1093 (5th Cir. 1970). Plaintiffs' unverified response of June 3, 2010, attached as Exhibit "K," does not quell this dispute.

Accordingly, Cash4Gold respectfully requests the Court to review the e-mail from the Confidential Informant, as well as PL000018-20, to determine whether the documents must be produced. *Application of Eisenberg*, 654 F.2d 1107, 1112 n.7 (5th Cir. 1981) (citing *Kerr v. United States District Court*, 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976) and stating "It is settled that in camera proceedings are an appropriate means to resolve disputed issues of privilege.").

## IV.   CONCLUSION.

For the foregoing reasons, Plaintiffs should be compelled to respond to the discovery requests and Cash4Gold should be awarded its fees in seeking to compel same. Additionally, the Court should review the disputed documents *in camera* to determine discoverability of same.

## Certificate of Good Faith Conference

The undersigned certifies that counsel for Cash4Gold attempted to confer with counsel for Plaintiffs in an attempt to resolve the dispute by agreement, but that the parties were unable to resolve same.

*S/ GLENN T. BURHANS, JR.*
**BARRY RICHARD**
Florida Bar Number 0105599
**GLENN T BURHANS, JR.**
Florida Bar Number 605867
**BRIDGET K. SMITHA**
Florida Bar Number 0709581
**GREENBERG TRAURIG, P.A.**
101 East College Avenue
Tallahassee, FL 32301
Telephone (850) 222-6891
Facsimile (850) 681-0207

*Attorneys for Defendant*
*Green Bullion Financial Services, LLC*
*d/b/a Cash4Gold*

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed via the court's CM/ECF system this 16th day of August, 2010 to:

John G. Balestriere                   Eric Lee
Balestriere Fariello                  Lee & Amtzis, P.L.
225 Broadway, Suite 2900              5550 Glades Rd., Ste. 401
New York, NY 10007                    Boca Raton, FL 33431

*S/ GLENN T. BURHANS, JR.*
**GLENN T. BURHANS, JR.**

*FTL 107,769,303v1 8-13-10*