# EXHIBIT D



**JOHN G. BALESTRIERE**
BALESTRIERE FARIELLO
225 Broadway, Suite 2900
New York, NY 10007
Phone: +1.212.374.5401
Cell:   +1.917.318.3844
Fax:   +1.212.208.2613
john.balestriere@balestriere.net
www.balestriere.net

July 14, 2010

**VIA EMAIL (burhansg@gtlaw.com)**
Glenn T. Burhans, Jr.
Greenberg Traurig, LLP
101 East College Avenue
Tallahassee, FL 32301

     Re: <u>Kirts et al v. Cash4Gold,</u> Index No. 1:10-CV-20312

Mr. Burhans:

  I write in response to your letter of July 12, 2010. Despite your revisions and/or clarifications, as noted in our written responses, your requests are still impermissible. The discovery you seek to compel is not only overbroad and unduly burdensome, but it seeks information regarding absent class members, privileged information and the identity of a confidential informant. Such discovery is not permitted, based on the authority outlined below. I do wish to be clear that we wish to resolve any discovery disputes in good faith and remain available for a call if you wish to talk.

  First, the vast majority of the information you requested is not discoverable as it is overly broad, unduly burdensome, irrelevant, and harassing. "Where a party claims that the production of documents is burdensome and harassing . . . the scope of the discovery is at issue. Until the court rules on the request, the party responding to the discovery does not know what will fall into the category of discoverable documents." *Gosman v. Luzinski*, 937 So.2d 293, 296 (Fla. 4th DCA 2006) (wife's objection to discovery request tolled the obligation to file a privilege log). Here, responses to your demands would consist of thousands of pages of production. Setting aside any other issues barring the discovery of these documents and this information, the compilation of such discovery would place an onerous task on Plaintiffs' counsel. Moreover, it is not clear how such information and production would be relevant to Cash4Gold's defense. Unless ordered to provide such information by the Court, Plaintiffs' counsel shall not produce what appear to be irrelevant documents, nor will they produce documents that shall place a burden on Plaintiffs' counsel.

  Second, a large portion of the information you seek regards exclusively absent class members, individuals not named in the instant action. Such demands are simply improper. "Absent class members are not parties and separate discovery of individual

**BALESTRIERE
FARIELLO**

class members not representatives is normally not permitted." *In re Worlds of Wonder Securities Litigation*, 1992 U.S. Dist. LEXIS 10503 (N.D. Cal. July 9, 1992). "[D]iscovery of absent class members is ordinarily not permitted in class actions." *See, also, On the House Syndication, Inc. v. Fed. Express Corp.*, 203 F.R.D. 452, 455 (S.D. Cal. 2001) (defendant's application to obtain discovery from absent class members denied). Furthermore, "there is no need to state the exact identity of every class member because to do so would frustrate [the] purpose of class actions when recoveries may be numerous but small." *In re U. S. Financial Sec. Litigation*, 69 F.R.D. 24, 34 (S.D. Cal. 1975) (fact that the precise number of potential members of class cannot be ascertained does not bar class action certification). Here, we have produced all documents regarding the named Plaintiffs in this matter: Elizabeth Kirts, Rachel Bernhardt, and Michelle Bednarz. Further demands regarding absent class members are improper.

Third, your demands for information regarding the identity of our Confidential Informant are improper, as releasing such information could cause irreparable harm to our Confidential Informant. "Discovery of 'cat out of the bag' material that could be used to injure another person or party outside the context of the litigation, and material protected by privilege, trade secrets, work product, or involving a confidential informant may cause such injury if disclosed." *Favalora v. Sidway*, 996 So. 2d 895, 897-8, (Fla. 4th DCA 2008). Orders that require the production of "'cat out of the bag' material that could be used to injure another person or party outside the context of the litigation" are reviewable by certiorari. *Allstate Ins. Co. v. Langston*, 655 So.2d 91, 94 (Fla.1995). *See also, W. Fla. Reg'l Med. Ctr., Inc. v. See*, 18 So 3d 676, 682 (Fla. 1st DCA 2009) ("where the complaining party's interest in avoiding discovery involves trade secrets, work product, *or information about a confidential informant*, an order compelling discovery is reviewable by certiorari")(emphasis added). We are presently under no obligation to produce any information or documents about our Confidential Informant, based on this case law, and on the circumstances of this matter. The Confidential Informant is a former employee of Cash4Gold, whose allegations corroborate Plaintiffs' allegations and provide an adequate basis for believing that Cash4Gold made a series of fraudulent statements. Because the Confidential Informant blew the whistle on Cash4Gold, current employees of Cash4Gold have every reason to want to bring harm to the Confidential Informant. Revealing the identity of the Confidential Informant could have irreparable consequences, putting the Confidential Informant's safety and wellbeing in jeopardy. We simply cannot allow that to happen.

Lastly, the vast majority of the communications you demand are not discoverable as they are covered by the attorney-client privilege. "A party is required to file a log only if the information is 'otherwise discoverable' . . . . Before a written objection to a request for production of documents is ruled upon, the documents are not 'otherwise discoverable' and thus the obligation to file a privilege log reciting does not arise." *Gosman* 937 So.2d at 296. Likewise, here we are not obligated to provide a privilege log because the communications you demand are not discoverable for the grounds stated above, including, but not limited to, being overly broad, irrelevant, and harassing.

**BALESTRIERE FARIELLO**

I address your specific revisions and/or clarifications in seriatim below:

RFP No. 1: This request is overly broad, unduly burdensome, irrelevant, and harassing. Moreover, these communications are not discoverable as they are covered by the attorney-client privilege. We do not have an obligation to produce a privilege log regarding these communications.

RFP No. 2: This request is overly broad, unduly burdensome, irrelevant, and harassing. Moreover, these communications are not discoverable as they are covered by the attorney work product. We do not have an obligation to produce a privilege log regarding these communications.

RFP No. 12: Plaintiffs have sent all related court filings to the expert retained in connection with this matter, Alfred Marciano, CPA, documents of which Defendant Cash4Gold is already in possession. In fact, the only document Plaintiffs have received from this expert created in this litigation is the Affidavit of Alfred Marciano, CPA, that was included in Plaintiffs Reply in Support of the Motion for Class Certification.

RFP Nos. 2 – 11 and 13: Plaintiffs are not withholding any documents responsive to these interrogatories that they are required to produce.

RFP Nos. 2 – 11 and 13: Every exhibit included in referenced court filings is responsive to each request for production.

Interrogatory No. 1: This request is overly broad, unduly burdensome, irrelevant, and harassing. Moreover, this information is not discoverable as Plaintiffs' are not required to produce the names of absent class members.

Interrogatory No. 2: This request is overly broad, unduly burdensome, irrelevant, and harassing. Moreover, this information is not discoverable as Plaintiffs' are not required to produce the names of absent class members.

Interrogatory Nos. 3-4: This request is overly broad, unduly burdensome, irrelevant, and harassing. Moreover, this information is not discoverable as Plaintiffs' are not required to produce the names of absent class members.

As noted above, Plaintiffs' are not required to provide the name and e-mail address of the Confidential Informant.

As noted above, Plaintiffs' are not required to provide the e-mail referenced in Interrogatory No. 6 as it is not responsive to any number of previously served



requests for production, and to do so would cause our Confidential Informant irreparable harm.

As noted above, Plaintiffs' are not required to provide the names and contact information for absent class members in response to Interrogatory Nos. 7 and 8.

If you have any questions or concerns regarding this matter, please do not hesitate to contact me at your earliest convenience. Thank you for your time and attention to this matter.

Sincerely,

John G. Balestriere

cc: Sarah Goodman (via email: sarah.goodman@balestriere.net)
    Geisa Balla, Esq. (via email: geisa.balla@balestriere.net)
    Bridget Smitha, Esq. (via email: smithab@gtlaw.com)